UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen J. Guidetti,<br><br>                    Plaintiff,<br><br>vs.<br><br>County of Greenville; Sheriff Department; Greenville County Detention Center; Steve Loftis, Sheriff; NFN Donahue, Deputy Sheriff; Alex R Payne, Deputy Sheriff; Heatherly Brothers Auto Parts & Wrecker Service; Jim Heatherly; John Doe #1, Employee for Heatherly Brothers Auto Parts & Wrecker Service; John Does 1-10, address unknown at this time; Jane Does 1-10, address unknown at this time; W. Walter Wilks, Greenville County Attorney; Greenville County Council; Mayor Knox White; Vice Mayor Lillian Brock Flemming, District 2; Joe Dill, District 17 Councilmember; Joseph Baldwin, District 18 Councilmember; Wills Meadows, District 19 Councilmember; Sid Cates, District 20 Councilmember; Jim Burns, District 21 Councilmember; Bob Taylor, District 22 Councilmember; Xanthene Norris, District 23 Councilmember; Liz Seman, District 24 Councilmember; Lottie Gibson, District 25 Councilmember; Dan Rawls, District 26 Councilmember; Butch Kirven, District 27 Councilmember; Fred Payne, District 28 Councilmember; Judge Charles R. Garrett; Chick Springs Summery Court; Judge S. B. Keator,<br><br>                    Defendants.<br>_____ | ) C/A No. 6:11-1249-HMH-JDA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) REPORT AND<br>) RECOMMENDATION<br>) FOR PARTIAL<br>) SUMMARY DISMISSAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The plaintiff, Stephen J. Guidetti ("Plaintiff"), a self-represented litigant (*pro se*), files

this action without prepayment of the filing fee, *in forma pauperis*, pursuant to 28 U.S.C.

§ 1915.[1]  Plaintiff claims violation of his constitutional rights under the First, Fourth, Fifth,

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e),
D.S.C., the assigned Magistrate Judge is automatically assigned and authorized to review

Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as several federal statutes.  The Amended Complaint requests a declaratory judgment, under which Plaintiff seeks monetary damages and expungement of records.  The Amended Complaint fails to state a claim upon which relief may be granted, except as to Defendants Donahue, Payne, and unidentified John and Jane Does.[2]  The Amended Complaint also names some Defendants that have immunity from suit, which are subject to summary dismissal.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint and Amended Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

_____

such complaints and submit findings and recommendations to the District Judge.

[2] An Order directing service of the Amended Complaint on Defendants Donahue and Payne has been issued.

1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.   The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Even under the liberal construction standard, the *pro se* Complaint in this case is subject to summary dismissal.

## BACKGROUND

Plaintiff has a prior case in this Court, *Guidetti v. Haley, et al.*, C/A No. 6:11-0861-HMH (D.S.C.), in which he filed a motion to accept amended/rewritten complaint, with a proposed amended complaint attached. Plaintiff filed the motion to amend on May 23, 2011; however, that case was closed on May 18, 2011, with the dismissal of the complaint. By Order dated May 23, 2011, the Honorable Henry M. Herlong, United States District Judge, found the motion to be moot and instructed the Clerk of Court "to open this complaint as a new civil action."  The proposed complaint attached to the motion to amend in the prior case was filed as the Complaint in this case on May 23, 2011.  ECF No. 1.

By Order dated June 14, 2011, Plaintiff was permitted an opportunity to provide

3

necessary papers and information to proceed with his new case.  ECF No. 6.  Plaintiff

complied with the Court's Order on July 8, 2011, and also filed an Amended Complaint.

ECF No. 8.  The Amended Complaint is a restatement of the original Complaint, except to

add three new Defendants.  Thus, the Amended Complaint replaces the original Complaint

as the pleading in this case.

> The Amended Complaint states, verbatim:
>
> Plaintiff brings this action pursuant to Title 42 USC Section 1983, 1985, 1986, 1988, and invokes the jurisdiction of this court pursuant to Title 28 USC Section 1343(A),(3),(4), and Title 28 USC Section 1331, and pertinent to the 14th amendment, Title 42 USC Section 1983, and the Civil Rights Act of 1870, Section 6, "rights protected under the Bill of Rights, particularly under the 1st, 4th, 5th, 6th, 8th, Article of the Bill of Rights (Amendments) and pertinent to the 14th Amendment to the Constitution of the united states of America, and Title 18 USC Chapter 13 Section 241 - Conspiracy against rights, Title 18, Chapter 13 Section 242 - Deprivation of rights under the color of law, Title 18 USC Chapter 4 - Misprision of Felony, Title 42 USC Section - 2000d-7, Receiving Federal Funds.

ECF No. 8 at 5.  The Amended Complaint includes sections titled Parties, Statement of

Facts, Conclusion, Right of Action, and Federal Causes of Action, as well as a request for

Declaratory Judgment.   Under the request for Declaratory Judgment, Plaintiff seeks

monetary damages and injunctive relief to have "from 1991 to present all fingerprints,

photos, and report expunged from the ENLET and CLETS system."  *Id.* at 21-2.

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and

1988.  ECF No. 8 at 5.  The Amended Complaint claims violation of Plaintiff's constitutional

rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the

United States Constitution.  The Amended Complaint appears to also claim violation of the

4

criminal code, specifically 18 U.S.C. §§ 4, 241, and 242, as well as violation of "Title 42 U.S.C. Section -2000d-7, Receiving Federal Funds." *Id*. at 22.

## I.  42 U.S.C. § 1985

Title 42 U.S.C. § 1985 provides a cause of action for conspiracy to deprive an individual of civil rights, stating in relevant part, that:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).  In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the Court clarified that the reach of § 1985(3) is limited to private conspiracies predicated on "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Id*. at 102.  Additionally, Plaintiff "must show an agreement or meeting of the minds by defendants to violate [Plaintiff's] constitutional rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  It is not sufficient to recite conclusory statements of conspiracy to state a claim.  *See A Society Without a Name v. Commonwealth of Virginia*, No. 10-1437, *7 (4th Cir. August 24, 2011), citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).  The Amended Complaint does not allege race or class-based animus, or a meeting of minds to conspire, so the pleading fails to state a claim under 42 U.S.C. § 1985(3).

## II.  42 U.S.C. § 1986

Title 42 U.S.C. § 1986 creates a right to recover damages against "every person

5

who having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed... which such person by reasonable diligence could have prevented." 42 U.S.C. § 1986.  By the terms of the statute, a claim under § 1986 is dependent on a valid claim under § 1985.  The insufficiency of Plaintiff's § 1985 claim renders insufficient his § 1986 claim.  *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985)("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985." ).  Because the § 1985 claim fails to state a claim, the § 1986 claim fails as well.  The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1986.

### III.  42 U.S.C. § 1988

Title 42 U.S.C. § 1988 allows for the award of reasonable attorneys' fees to the prevailing party in cases brought under various federal civil rights laws, including §§ 1983, 1985 and 1986.  Even if Plaintiff were to prevail on any of his claims, he is representing himself in this action, and therefore is not entitled to attorney's fees.  *See Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991) (prohibits the award of attorney's fees to *pro se* litigants, reasoning that the term "attorney" in § 1988(b) "assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988."); *see also Doe v. Board of Educ. of Baltimore County*, 165 F.3d 260 (4th Cir. 1998)(prohibits award of attorney's fees to *pro se* litigant for IDEA attorney's fee provision, similar to § 1988(b)).  The Amended Complaint fails to state a claim under 42 U.S.C. § 1988.

6

## IV.  42 U.S.C. § 1983

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Federal Statutory Rights

As stated, 42 U.S.C. § 1983 does not grant a federal right, but only creates a remedy.  *See Albright v. Oliver*, 510 U.S. at 271; *Baker v. McCollan*, 443 U.S. at 144, n. 3.  Plaintiff must assert the violation or deprivation of a federal right granted by federal statute or by the United States Constitution.  It is not enough to claim the violation of a federal law, because all federal laws do not necessarily create federal rights.  Plaintiff's apparent claim based on "Title 42 U.S.C. Section -2000d-7, Receiving Federal Funds," does not assert violation of a federal right, or any claim that the stated statute provides rights to an individual.  Similarly, 18 U.S.C. §§ 4, 241, and 242 do not provide individual causes of action, but instead are contained in the criminal code.  Plaintiff cannot bring a civil action to enforce criminal statutes.  "No citizen has an enforceable right to institute a

7

criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).   The Amended Complaint does not state a § 1983 claim for violation or deprivation of federal rights granted by federal statute.

B.  Federal Constitutional Rights:

   1.  Application of State Motor Vehicle Laws

Plaintiff's repeated claim that "Defendants denied Plaintiff's right to travel on the public right of ways" appears to again challenge the authority of the state to apply state motor vehicle laws to Plaintiff.  *Id.* at 21.  As was explained to Plaintiff in his prior case, "South Carolina undoubtedly has a strong interest in regulating the vehicles on its roadways," and has authority to legislate and apply state motor vehicle laws.  *Johnson v. County of Horry, South Carolina*, 360 Fed.Appx. 466, 471, 2010 WL 55542, *4 (4th Cir. Jan. 5, 2010); *see also South Carolina State Highway Department v. Barnwell Bros.*, 303 U.S. 177 (1938) (safe and convenient use of state highways matter of state control); *Morris v. Duby*, 274 U.S. 135, 143 (1927) ("[T]he state may rightly prescribe uniform regulations adapted to promote safety upon its highways and the conservation of their use, applicable alike to vehicles moving in interstate commerce and those of its own citizens.").  Plaintiff only has the "right to travel on the public right of ways" within the bounds of the laws established by the State of South Carolina, and it's political subdivisions, such as counties and cities.  Plaintiff's claim of deprivation of rights based on application of state motor vehicle laws to restrain his unlicensed and unregistered use of the roadways, does not

state a § 1983 claim upon which relief may be granted.

### 2. First Amendment

The Amended Complaint, in the first cause of action, claims violation of Plaintiff's

First (1st) Amendment right to freedom of expression and redress of grievance, which was denied by Defendants, when the Defendants go in disguise upon the highway, acting under the color of state law, falsely created an illusion of emergency, took control and possession of Plaintiff, searched Plaintiff, Plaintiff's property without redress of grievance operating outside their jurisdiction and scope of authority.

ECF No. 8 at 19. Plaintiff appears to incorrectly claim his First Amendment right to freedom of expression protects him from being detained for violation of State motor vehicle laws. The Amended Complaint admits that Plaintiff does not have a "document called" a driver's license, a registration, or a motor vehicle title. *Id*. at 14. Plaintiff does not have the right under the First Amendment to express himself by failing to obtain a driver's license or register his car in compliance with state law. Plaintiff also appears to claim violation of his First Amendment right to "petition the Government for a redress of grievances." U.S. Const. Amend. 1. No factual allegations support such a claim, and it is unclear how Plaintiff contends this right was violated. In fact, Plaintiff's filing of this lawsuit provides access to the courts, which is an exercise of his right to "petition the Government" under the First Amendment. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983)(recognizing First Amendment petition interests in private litigation). The Amended Complaint fails to state a claim under § 1983 for violation of Plaintiff's First Amendment rights.

### 3. Sixth Amendment

The Amended Complaint, in the fourth cause of action, claims violation of Plaintiff's

> Sixth (6th) Amendment right to be informed of the nature and cause of the charges against Plaintiff, be confronted with the witness against her, a crime shall have been committed. Plaintiff did not commit a crime on March 20, 2011 on or about 3:23 pm, when stopped by Defendants DONAHUE; PAYNE; and His private property unlawfully removed by HEATHERLY; aka; dba; WRECKER and DOE 1. Plaintiff did not commit a crime on or before March 20, 2011, on or about 3:23 pm, when arrested, handcuffed, imprisoned, and transported to DETENTION JAIL by Defendant PAYNE.

ECF No. 8 at 20 (verbatim). The Sixth Amendment provides certain protections "in all criminal prosecutions." U.S. Const. Amend. 6. The Amended Complaint does not include any factual allegations of a criminal prosecution to which Sixth Amendment rights would attach. The Amended Complaint's factual allegations occur during a period of less than twenty-four hours in which Plaintiff alleges he was driving when stopped by a law enforcement officer, which resulted in Plaintiff's seizure and detention overnight. Any subsequent criminal prosecution, or lack thereof, is not alleged. The Amended Complaint fails to state a claim under § 1983 for violation of Plaintiff's Sixth Amendment rights.

### 4. Eighth Amendment

> The Amended Complaint, in the fifth cause of action, claims violation of Plaintiff's Eighth (8th) Amendment Right against cruel and unusual punishments inflicted. Plaintiff suffered physical and emotional, cruel and unusual punishment at the hand of Defendants . . . on or about March 20, 2011, by three unknown guards and tortured at the DETENTION JAIL by three (3) unknown third party deputies. Plaintiff was charged extortion fees by a third party, for recovery of His private property conveyance unlawfully removed by DONAHUE; PAYNE' HEATHERLY; aka; dba; WRICKER' DOE 1, on March 20, 2011, on or about 3:23 pm.

ECF No. 8 at 20-21. The Eighth Amendment prohibition of cruel and unusual punishment applies only after an adjudication of guilt. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977)("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was

designed to protect those convicted of crimes. ").  The Amended Complaint is silent as to any adjudication in this case, but the factual allegations clearly all occurred prior to any possible adjudication, so the Eighth Amendment prohibition against cruel and unusual punishment does not apply under the facts of this case.  The Amended Complaint fails to state a claim for violation of Plaintiff's rights under the Eighth Amendment.

C.  Dismissal of Defendants:

 1.  Immune Defendants

The Amended Complaint names several Defendants that are immune from suit. Immunity presents a threshold question, *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982), which, in the case of absolute immunity, involves "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Title 28 U.S.C. § 1915 requires dismissal of a pleading that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

The Amended Complaint adds two state magistrate judges, "Judge Charles R. Garrett" and "Judge S. B. Keaton," as Defendants, but then claims, in part, they are "a sheriff, <u>acting</u> in an official capacity for SOUTH CAROLINA JUDICIARY COURT SYSTEM." ECF No. 8 at 9-10 (emphasis in original).  The Supreme Court has specifically held that state judges are immune from suit under 42 U.S.C. § 1983 with respect to judicial acts in a case over which they have jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("[j]udicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Pierson v. Ray*, 386 U.S. 547, 553-4 (1967)("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts

11

committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)."); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  In as much as the Amended Complaint claims these Defendants acted outside of their judicial capacity, thus attempting to avoid the bar of judicial immunity, the factual allegations do not support any actions taken by these Defendants outside of their judicial capacity.  Defendants Garrett and Keaton are immune from suit, and the Amended Complaint fails to state a claim against them, so they  should be dismissed as party Defendants.

In addition to adding the state judges, the Amended Complaint adds the "Chick Springs Summery Court" as a Defendant.  The Defendant Chick Springs Summery Court is a court in the State of South Carolina's unified judicial system.  *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law.").  Suing the unified judicial system is the same as suing the State, and the State of South Carolina has immunity from suit under the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29 (1999).  The Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by

citizens of other States against a State, Eleventh Amendment also bars suits against a State filed by its own citizens); *see also*, *e.g.*, *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002) (South Carolina state sovereign immunity provides immunity from suit).  Defendant Chick Springs Summery Court is immune from suit and should be dismissed as a party Defendant.

   2.  Defendants Not Persons

   The Amended Complaint names Greenville County Detention Center as a Defendant.  In a § 1983 civil rights action, a plaintiff must allege violation of federal rights by a "person" acting  "under color of state law."  42 U.S.C. § 1983.  A defendant in a § 1983 action must qualify as a "person," and the Greenville County Detention Center is a group of buildings or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law, so the Greenville County Detention Center is not a "person" subject to suit under § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Because the Defendant Greenville County Detention Center is not a "person" subject to suit under § 1983, the Amended Complaint fails to state a claim against this Defendant, which should be dismissed as a party Defendant.

   The Amended Complaint names as Defendants the Greenville County Sheriff's

Department, as well as Steve Loftis, the Greenville County Sheriff "acting in an official capacity."[3] ECF No. 8 at 6-7. "It is well-established in this state [of South Carolina] that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity," or "a suit against the sheriff's office," is "a suit against the state." *Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994), citing *Gulledge v. Smart*, 691 F.Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Defendant Greenville County Sheriff's Department and claims against Defendant Loftis in his official capacity as Sheriff of Greenville County, should be dismissed.

### 3.  Non-State Actor Defendants

The Amended Complaint sues Heatherly Brothers Auto Parts and Wrecker Service designated as "WRECKER"; Jim Heatherly, designated as "HEATHERLY"; and John Doe # 1, identified as the "tow truck driver." ECF No. 8 at 9. The Amended Complaint alleges Wrecker and Heatherly acted

> in concert, as an agent for the Defendant, LOFTIS; aka; dba; SHERIF DEP; aka; dba; DETENTION; aka; dba; G'VILLE CO; DONAHUE and PAYNE and a resident of G'VILLE CO; acting in concert, and such capacity as agent, servant, and/or employee of Defendant, LOFTIS; aka; dba; SHERIF DEP; aka; dba; DETENTION; aka; dba; G'VILLE CO.

*Id.* at 8-9. The tow truck driver is alleged to be "acting in such capacity, and in concert, as

---

[3] The Amended Complaint also sues Defendant Loftis "in his individual capacity," which is discussed in the subsection of this report discussing supervisory liability. *See Hafer v. Melo*, 502 U.S. 21 (1991)(state official sued in individual capacity is 'person' for purposes of § 1983 action for damages).

agent, servant, assigns, and/or employee of Defendant, JIM HEATHERLY; dba; aka; HEATHERLY BROTHERS WRECKER." *Id.* at 9.[4]    The factual allegations state that

> defendant, DOE 1 took possession of Plaintiff's private property and put Plaintiff's conveyance onto Defendant DOE 1's tow truck; therefore depriving Plaintiff of His private property conveyance; Defendant DOE 1 has no privilege to deprive Plaintiff of his private conveyance; under "color of state law", DOE 1, acted in concert with Defendant, and caused Plaintiff the damage alleged herein.

ECF No. 8 at 13 (paragraph numbers omitted).  No other information is alleged and it can be inferred that the tow truck company, owner and tow truck driver are private individuals and/or a private business entity, not state officers or employees.  The person being sued under § 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) .

To state a claim under § 1983, action taken under color of state law, also called state action, is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Holly v. Scott*, 434 F.3d 287, 291, 292 (4th Cir.2006) ("Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties.")). To act under color of state law for purposes of § 1983, a private individual's action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v.*

---

[4]  In as much as Plaintiff bases his § 1983 claims on principles of respondeat superior, liability of an employer for the actions of an employee, the Plaintiff's claims should be dismissed.  It is well-settled that liability under § 1983 cannot be based upon *respondeat superior*.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).

*Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).   "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action."  *Debauche v. Trani*, 191 F.3d at 507 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).  To become state action, private action must have a "sufficiently close nexus" with the state that the private action "'may be fairly treated as that of the State itself.'"  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50 (quoting *Blum v. Yaretsky*, 457 U.S. at 1004).  The Amended Complaint claims Defendant Donahue "turned over possession" of Plaintiff's vehicle "to Defendant, DOE 1."  ECF No. 8 at 13.  This is the only factual allegation alleging a connection between the state and the non-state actors.  This statement alone is not enough to establish a "sufficiently close nexus" between the alleged actions of the state actor and the non-state actor that would convert the private action into action by the "State itself."   The Amended Complaint does not sufficiently allege state action for § 1983 purposes by the non-state actors.

Even if Plaintiff could establish a sufficient nexus to convert the private action into state action, he does not state a valid constitutional violation by these Defendants.  The Amended Complaint claims constitutional violation for deprivation of property "without due process of law, nor shall Plaintiff's private property conveyance be taken without just compensation," based on the allegation that Plaintiff's "private property [was] unlawfully removed by HEATHERLY; aka; dba; WRECKER and DOE 1."  ECF No. 8 at 20.  Although Plaintiff's vehicle was towed, and apparently stored, incident to his arrest, Plaintiff's property was returned to him, as indicated in the Amended Complaint, which states that "Plaintiff was charged extortion fees by a third party, for recovery of His private property conveyance."  *Id*. at 21.  Therefore, Plaintiff is not entitled to "just compensation," because

his property was only temporarily stored, not "taken for public use" by the state.  *See* U.S. Const. Amend. 5 ("nor shall private property be taken for public use, without just compensation").  As for procedural due process, in *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court held that the unauthorized, intentional deprivation of property by the State, as Plaintiff claims, "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id*. at 533.  Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, such as his car, by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C.Code Ann. § 15–78–10 *et seq*.  *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (State courts are available for property claims and the State process is constitutionally adequate); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930–31 (4th Cir.1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process).  Thus, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property.  The Amended Complaint fails to state a § 1983 claim against the non-state actors, Defendants Wrecker Service, Heatherly, and John Doe 1, who should be dismissed as party Defendants.

    4.  Supervisory Defendants

       The Amended Complaint sues Steve Loftis, Sheriff of Greenville County, "in his individual capacity."  ECF NO. 8 at 7.  The Amended Complaint alleges Defendant Loftis "either directly or indirectly controlled, trained, made policy for, employed, supervised,

compensated, enriched, or rewarded, Defendant herein, for these actions on the day" of Plaintiff's arrest.  *Id*. at 7.  All of these allegations relate to supervisory duties, rather than individual action, of Defendant Loftis.  No factual allegations of personal involvement with Plaintiff are made against Defendant Loftis.  *Id*. at 10-16.  The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  For a supervisor to be liable, the Fourth Circuit has held that a "plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'"  *Carter v. Morris*, 164 F. 3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).  No facts are alleged concerning action or inaction of Defendant Loftis.  The Amended Complaint fails to state a claim against Defendant Loftis in his individual capacity.

The Amended Complaint makes the same allegations ("either directly or indirectly controlled, trained, made policy for, employed, supervised, compensated, enriched, or rewarded, Defendant herein, for these actions on the day" of Plaintiff's arrest) against several other Defendants, including the Greenville County, Sheriff Department, Greenville County Detention Center, Garrett, Keaton, and Heatherly.  ECF No. 8 at 18.  The Amended Complaint, however, fails to allege any specific actions, or inactions, by any of the

18

identified Defendants that, acting as supervisors, could create liability under § 1983.

### 5.  Defendant Greenville County

The Amended Complaint names Greenville County as a Defendant.  The Amended Complaint alleges, as follows:

> GREENVILLE COUNTY OF; hereinafter G'VILLE CO. G'VILLE CO; aka; dba LOFTIS; aka; dba; SHERIF DEP; aka; dba; DETENTION CENTER, are Municipal Corporations, Chartered, a private Corporation for profit, within GREENVILLE COUNTY in the SOUTH CAROLINA, STATE OF, within geographical boundaries of the Republic of South Carolina at all times relevant, to this complaint, it either directly or indirectly controlled, trained, made policy for, employed, supervised, compensated, enriched, or rewarded, Defendant herein for these actions on the day of March 20, 2011, on or about 3:23 pm. SHERIF DEP; is being sued as a person.

ECF No. 8 at 7.  The Amended Complaint also alleges "G'VILLE CO;. . . as a policy and custom, neglect to train, supervise, control, correct the abuse of authority, or curtail the outrageous conduct, or discourage the unlawful abuse of authority by Defendants" . . . "including failure to give them proper instructions and education as applicable to the inalienable 'Rights of Plaintiff'...."  *Id*. at 18.

Municipalities and other local governmental bodies are "persons" within the meaning of § 1983.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978).  A local government may not, however, be held liable under § 1983 solely because it employs the tort-feasor. *Id*.  Plaintiff must identify a local government "policy" or "custom" that caused his injury. *Id*. at 694; *Board of County Commissioners v. Brown*, 520 U.S. 397, 402 (1997).  To determine the liability of a municipality, Plaintiff must "(1) identify[ ] the specific policy or custom; (2) fairly attribute[ ] the policy and fault for its creation to the municipality; and (3) find[ ] the necessary affirmative link between identified policy or custom and specific

violation." *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir.1987)(internal quotation marks omitted). The Amended Complaint fails to identify a specific policy or custom attributable to Greenville County in relation to his claims of constitutional violations. Thus, Plaintiff also fails to allege facts establishing the necessary affirmative link between the policy or custom and the violation of Plaintiff's rights. The Amended Complaint fails to state a claim under § 1983 against Defendant Greenville County.

### 6. County Attorney, Mayor, Vice Mayor and Councilmembers

The Amended Complaint lists the Greenville County Attorney, Greenville County Council, Mayor, Vice Mayor, and individual District Councilmembers of the Greenville County Council, with an explanation that "members of the Greenville County Council, are nominally listed, in that they were not directly in the tort violation; however, in order to comply with proper procedure of service upon the County, "Corporations," they must be named and served individually, in this action." ECF No. 8 at 4. It would appear that the Greenville County Attorney, and the Greenville County Council, are listed for the same purpose of service, rather than as liable party Defendants.[5] No allegations are made against these Defendants, and the Amended Complaint acknowledges that these Defendants "were not directly in the tort violation," so no liability attaches to them under § 1983. *Id.*; *see Trulock v. Freeh*, 275 F.3d at 402 (4th Cir. 2001)(personal participation of defendant is necessary element of a § 1983 claim). The Amended Complaint fails to state a claim against the Greenville County attorney, mayor, vice mayor, Council, and twelve

---

[5] The Greenville County attorney, identified as W. Walter Wilks, the Greenville County Council, Mayor White, Vice Mayor Flemming, and twelve Councilmembers identified by name and District number, are on the docket as party Defendants in this case.

individual Councilmembers.  These sixteen Defendants should be dismissed as party Defendants in this case.

### 7.  John and Jane Doe Defendants

The Amended Complaint names "10 John Doe's" and "10 Jane Doe's" as Defendants in the caption, but not in the section naming parties.[6]  The fifth cause of action, however, contains a claim against "three unknown guards," also described as "three unknown third party deputies" at the detention center.  ECF No. 8 at 21.  The factual allegations of the Amended Complaint claim "Plaintiff was tortured and suffered excruciating pain at the hands of the DETENTION CENTER; DEPUTIES" and he was "locked in a freezing  cold confinement cell" without pants, boots, socks or shirt.  *Id*. at 15-16.  The factual allegations concerning the actions of the three unknown guards and conditions of the detention center, if considered true, could state a plausible claim.  Although the Amended Complaint does not state a claim for "cruel and unusual punishment" under the Eighth Amendment, the pleadings could be liberally construed to allege facts that state a claim for unconstitutional punishment.  Allegations of punishment by a pretrial detainee are evaluated under the due process clause of the Fourteenth Amendment, rather than the cruel and unusual punishment clause of the Eighth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Cooper v. Dyke*, 814 F.2d 941 (4th Cir. 1987).  The unknown guards, identified only as John Does or Jane Does, must be sufficiently identified to allow for service of process, if Plaintiff wishes to seek damages against these individuals for violation of his Fourteenth Amendment rights.

---

[6]  The "10 John Does" and "10 Jane Does" are on the docket as party Defendants in this case.

Defendants, including "John Doe" or "Jane Doe" Defendants, are subject to being dismissed for lack of service under Rule 4 of the Federal Rules of Civil Procedure.

## V. Relief Requested

The Amended Complaint seeks "a declaratory judgment." ECF No. 8 at 21. Rule 57 of the Federal Rules of Civil Procedure governs "the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Under the Declaratory Judgment Act, a district court, in it's discretionary authority, "may declare" the rights of interested parties. 28 U.S.C. § 2201(a); *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Thus, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998).

The declaratory judgment sought by Plaintiff is not declaratory relief in the true legal sense as established by 28 U.S.C. § 2201 and governed by Rule 57. Plaintiff's Complaint is not an appropriate pleading which states the type of case required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). The Amended Complaint requests "A DECLARATORY JUDGMENT FOR" monetary relief, "compensation," attorney fees and costs, as well as "[d]eclaratory judgment for Plaintiff's record to be totally expunged." ECF No. 8 at 22. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan

22

Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568 (D.S.C. August 17, 2010) (quoting *Johnson v. McCuskey*, 72 F. App'x at 478). Plaintiff is not entitled to the declaratory relief that he seeks because he does not ask the Court to define the parties' rights in the future, he seeks a declaration from the Court that the Defendants have already violated his rights. *See Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 U.S. Dist. LEXIS 127408 at *11-12 (D.S.C. Oct. 8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint have violated his rights under the constitution). *See also Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 U.S. Dist. LEXIS 87504 at *10 (D.S.C. June 24, 2009) ("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the 'declaratory' relief that he seeks."). Consequently, Plaintiff's Amended Complaint, which only seeks a declaration of liability based on past actions, does not state a plausible claim for a declaratory judgment. Based on this analysis, the Amended Complaint could be dismissed for failure to request relief that can be granted, as all of Plaintiff's relief is presented as declaratory relief. However, liberally construed, Plaintiff has simply mislabeled his request for relief, and is actually seeking monetary damages and expungement of certain records, not true declaratory relief.

## VI. Conclusion

In conclusion, the Amended Complaint fails to state a claim for relief under 42 U.S.C. §§ 1985, 1986, 1988, and under 42 U.S.C. § 1983 for violation of federal statutory rights. Additionally, the Amended Complaint fails to state a claim under § 1983 for violation of Plaintiff's constitutional rights pursuant to the application of State motor vehicle laws, or the First, Sixth and Eighth Amendments. The Amended Complaint names twenty-eight identified Defendants, as well as unidentified "John Does 1-10" and "Jane Does 1-10," and twenty-six of the identified Defendants should be dismissed from this action. Defendants Garrett, Keator, and Chick Springs Summery Court are immune from suit. Defendants Greenville County Detention Center, Greenville County Sheriff's Department, and Defendant Loftis, in his official capacity as Greenville County Sheriff, are not "persons" subject to suit under § 1983. Defendant Loftis is also named in his individual capacity, and the Amended Complaint fails to state a claim based on his individual involvement in deprivation of Plaintiff's federal rights. Defendants Heatherly Brothers Auto Parts & Wrecker Service, Heatherly, and John Doe 1, identified at the tow truck driver, are non-state actors, and the Amended Complaint fails to sufficiently allege they acted under color of state law and violated Plaintiff's constitutional rights. Although Defendant Greenville County, as a political subdivision, could be liable under § 1983, the Amended Complaint fails to state a claim against this Defendant based on municipal policy or custom. Although the Amended Complaint lists the Greenville County Attorney, Greenville County Council, Mayor, Vice Mayor, and twelve individual District Councilmembers of the Greenville County Council, Plaintiff states he named them only for service purposes, and the Amended Complaint does not state a claim against them. The unidentified John and Jane Doe

24

Defendants are not subject to dismissal at this time, but will be subject to dismissal if they are not identified so that they may be served.  Defendants Donahue and Payne, two of the twenty-eight identified Defendants, are not subject to dismissal at this time.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Judge dismiss, without prejudice, all of the Defendants in this action, except Defendants Donahue, Payne, and the unidentified "John Does 1-10" and "Jane Does 1-10."  *See* 28 U.S.C. § 1915(e)(2)(B)(ii, iii)(dismiss for failure to state a claim, and immune defendants).


s/Jacquelyn D. Austin
United States Magistrate Judge

September 12, 2011
Greenville, South Carolina


**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).